# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Timothy O'Laughlin,                                    Case No. 21-cv-1336 (MJD/LIB)

                          Petitioner,

v.                                                     **REPORT AND RECOMMENDATION**

Steve Kallis,

                          Respondent.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Timothy O'Laughlin's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

In June 2017, in the Eastern District of Missouri, Petitioner "was found incompetent to stand trial under 18 U.S.C. § 4241(d) on criminal charges involving stalking and making threats," and he was later civilly committed pursuant to 18 U.S.C. § 4246. United States v. O'Laughlin, 695 F. App'x 172, 172 (8th Cir. 2017) (per curiam). Petitioner remains civilly committed, and he is currently detained at the Federal Medical Center in Rochester, Minnesota.

In his Petition now before the Court, Petitioner challenges the legality of the civil-commitment proceedings conducted in the United States District Court for the Western District of Missouri, and he requests his discharge from custody. This matter is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that Petitioner's habeas Petition should be denied.

---

[1] Although the present habeas Petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See, Rule 1(b).

Petitioner challenges the legality of his commitment on many grounds, but most of his claims conflate the constitutional or statutory protections owed to criminal defendants with the protections owed to Petitioner as part of his civil-commitment proceedings. For example, Petitioner contends that the government lacked sufficient evidence from which a jury could have concluded that he was guilty of stalking and making threats. (See, Petition, [Docket No. 1], at 6). The issue of Petitioner's guilt or innocence, however, was never adjudicated (Petitioner was found incompetent to stand trial), and his current commitment is not predicated or contingent on whether he was guilty of the actions alleged of him in the criminal case. Instead, Petitioner is committed because he has been found to be "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a). Put another way, it is Petitioner's current mental status, not his past behaviors, that is the reason for his ongoing commitment.

Similarly, Petitioner also contends that he did not understand the criminal charges against him, and he could not participate in his own defense. (See, Petition, [Docket No. 1], at 7). Again, though, this contention is only relevant to the issue of whether Petitioner could be found guilty of a criminal offense. The trial court in Petitioner's underlying criminal proceedings concluded that Petitioner was not competent to stand trial, see 18 U.S.C. § 4241, and for that reason, the criminal proceedings against Petitioner concluded without a finding of guilt. In fact, § 4246(a) presupposes that individuals for whom civil commitment is sought will often be unable to participate in criminal proceedings due to their mental condition; indeed, it was precisely due to this inability to stand trial that civil commitment was sought. Far from being a ground for relief, then, Petitioner's inability to stand trial—combined with the finding that he was a danger to others—was the basis for his commitment. See, 18 U.S.C. § 4246(a).

2

Two of Petitioner's claims do at least potentially touch upon the legality of his civil-commitment proceedings rather than the criminal proceedings, although even these two claims fail. First, Petitioner conclusorily alleges that he has been denied the right to confront his accusers. (See, Petition, [Docket No. 1], at 6). To the extent that Petitioner is alleging that he has not been afforded an opportunity to confront the individuals who accused him of the criminal violations, that claim would fail for the same reason that the other claims related to Petitioner's criminal proceedings fail: he is not detained as a result of those criminal proceedings. That being said, Petitioner did have the statutory right pursuant to 18 U.S.C. § 4247(d) "to confront and cross-examine witnesses who appear at the [civil-commitment] hearing," and Petitioner might be understood as alleging that he was denied that statutory right. But Petitioner provides no factual basis for the claim that he was denied the right to confront witnesses during the civil-commitment proceedings. See, Petition, [Docket No. 1], at 6; Rules Governing Section 2254 Cases, Rule 2(c)(2) (requiring a petitioner to "state the facts supporting each ground"). Insofar as this is the claim being presented by Petitioner,[2] the claim is not adequately pleaded in the Petition.

Second, Petitioner argues that he is no longer a danger to others, and he should therefore be discharged from custody. (See, Petition, [Docket No. 1], at 6). But "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy." Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004). Civil detainees committed pursuant to § 4246 may bring a motion (through either counsel or their legal guardian) under 18 U.S.C. § 4247(h) in the district that ordered commitment arguing that they should no longer be committed

---

[2] Petitioner states in the Petition that his right to confront witnesses is being denied rather than was denied. (See, Petition, [Docket No. 1], at 6). Accordingly, Petitioner's claim might best be understood as a continuation of his arguments previously made in the Eastern District of Missouri where he argues that he is being unlawfully denied the right to pursue discharge proceedings under 18 U.S.C. § 4247(h). As the United States Court of Appeals for the Eighth Circuit has already explained to Petitioner, however, only counsel or the detainee's legal guardian may bring a motion for discharge under § 4247(h), and the refusal of those persons to file such a motion does not amount to a violation of the Sixth Amendment or any other constitutional provision. See, United States v. O'Laughlin, 934 F.3d 840, 841 (8th Cir. 2019).

because they are no longer a danger to others. "Because a civilly committed detainee can challenge his commitment directly in the court that committed him, there is another remedy available" to him. Mendez v. United States, No. 12-cv-0028 (ADM/FLN), 2012 WL 1110125, at *2 (D. Minn. Apr. 3, 2012); see, Wattleton v. Jett, No. 11-cv-1396 (JNE/SER), 2011 WL 5176805, at *3 (D. Minn. Oct. 13, 2011) ("The proper venue for an inmate to challenge a civil commitment order is with the court who issued the order."). Pursuant to Archuleta, only the Court that issued the commitment order may grant relief on the grounds sought by Petitioner here.

Accordingly, it is recommended that the Petition for a writ of habeas corpus, [Docket No. 1], be denied and this matter dismissed pursuant to Rule 4. Because it is recommended that the habeas Petition be denied, it is further recommended that Petitioner's application to proceed in forma pauperis also be denied. See, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.   Petitioner Timothy O'Laughlin's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED**;

2.   This matter be **DISMISSED**; and

3.   Petitioner's application to proceed in forma pauperis, [Docket No. 2], be **DENIED**.

Dated: June 16, 2021                                s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge

4

**<u>NOTICE</u>**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).